IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHAD LYNN ANDREWS,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**<br><br>Civ. No. 2:16-cv-00501-DB<br>Crim. No. 2:12-cr-616-DB<br><br>District Judge Dee Benson |

Before the Court is Petitioner Chad Lynn Andrew's ("Andrews") Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. Having reviewed the parties' briefs and the relevant law, the Court renders the following Memorandum Decision and Order.[1]

## BACKGROUND

On January 7, 2013, Andrews pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Crim. Dkt. No.[2] 15.) On March 21, 2013, the Court sentenced Andrews to 51 months in prison followed by 36 months of supervised release. (Crim. Dkt. No. 22.)

At sentencing, the Court adopted the presentence investigation report without change. However, the Court chose to deviate from the United States Sentencing Guidelines (the "Guidelines") with respect to Andrews' criminal history category. Specifically, the Court agreed with the presentence investigation report that Andrews' base offense level was 24. (Crim. Dkt. No. 24 at ¶ 11.) The Court found that Andrews had two prior convictions constituting a "crime

---

[1] Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts and DUCivR 7-1(f), the Court elects to determine Andrew's § 2255 petition on the basis of the written memorandum and finds that an evidentiary hearing is unnecessary to resolve the legal issues presented in Andrews' petition.

[2] Andrews' criminal docket will be referenced as "Crim. Dkt. No." and Andrews civil § 2255 docket will be referenced as "Civ. Dkt. No."

of violence" under § 2K2.1(a)(2) and § 4B1.2(a) of the Guidelines.  (*Id.*)  Prior to committing the

instant offense, Andrews was convicted under Utah's Failure to Stop statute and Wyoming's

Child Abuse statute.  (*Id.* at ¶¶ 34, 43.)

Additionally, based on Andrews' lengthy criminal history, the presentence investigation

report calculated Andrews' guideline criminal history category at a six. (*Id.* at ¶ 46.)  The Court

was persuaded by arguments from defense counsel that Andrews' criminal history was

overrepresented by the guideline calculation.  After discussing Andrews' criminal history at

length, the Court noted that "[a]ll of that does not deserve a six in my experience.  It is awful, but

does not deserve a six.  I'm going to reduce it to a five." (Tr.[3] at 11:22–24.)  Reducing

Andrews' criminal history category to a five yielded a guideline range of 51 to 63 months.  The

Court chose to sentence Andrews at the low end of the guideline range at 51 months.

On June 7, 2016, Andrews filed a petition seeking relief under 28 U.S.C. 2255.  (Civ.

Dkt. No. 1.)  On July 21, 2016, the government motioned for the court to stay Andrews' petition

pending the Supreme Court's ruling in *Beckles v. United States*, 616 F. App'x 415 (11th Cir.

2016), *cert. granted*, ___ S. Ct. ___, 2016 WL 1029080 (June 27, 2016) (No. 15-8544).  (Civ.

Dkt. No. 4.)  On August 10, 2016, the Court denied the Government's motion to stay.  (Civ. Dkt.

No. 8.)

### DISCUSSION

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner has the right to challenge a sentence

imposed by a district court if the sentence is in violation of the Constitution, the laws of the

United States, or if the sentence imposed was in excess of the maximum authorized by law.

Generally, a one-year statute of limitations applies to a petitioner's claims under § 2255. 28

---

[3] Reference to the transcript of Andrews' sentencing hearing conducted on March 21, 2013  will be cited as "Tr. at ___."

U.S.C. § 2255(f).  Additionally, "[f]ederal prisoners are barred from attacking their federal convictions through second or successive § 2255 motions except in very limited circumstances." *United States v. Moudy*, No. 16-7004, 2016 WL 3548421, at *1 (10th Cir. June 28, 2016).

## I. *Johnson v. United States* **and the Guidelines**

To frame Andrews' § 2255 petition, the Court will briefly outline the legal landscape on which Andrews seeks relief.  On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.  Under § 924(e) of the ACCA, a defendant is subject to a fifteen-year mandatory minimum sentence if the defendant is convicted of being a felon in possession of a firearm and the defendant has three prior convictions for either a "violent felony" or "serious drug offense."  18 U.S.C. § 924(e)(1).  Prior to *Johnson*, § 924(e)(2)(B) of the ACCA defined a violent felony as:

> Any crime punishable by imprisonment for a term exceeding one year . . . that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

Section 924(e)(2)(B)(i) is known as the ACCA's force clause.  *See United States v. Lee*, 458 F. App'x 741, 745 (10th Cir. 2012) (unpublished).  Burglary, arson, extortion or crimes involving explosives are known as the ACCA's enumerated offenses.  *Id*. Section 924(e)(2)(B)(ii)'s language, "otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the ACCA's residual clause.  *Id*.

The defendant in *Johnson* challenged whether his prior conviction under Minnesota's unlawful possession of a short-barreled shotgun statute was a violent felony under the ACCA's

residual clause. *Johnson*, 135 S. Ct. at 2556. Before *Johnson*, courts applied the ACCA's residual clause by "pictur[ing] the kind of conduct that the crime involves in 'the ordinary case,' and judg[ing] whether that abstraction presents a serious potential risk of physical injury." *Id*. at 2557 (citing *James v. United States*, 550 U.S. 192, 208 (2007)).

The *Johnson* Court noted that a sentencing court's inquiry under the residual clause went beyond determining whether the crime has an "element" of physical force or matched the generic elements of burglary, arson, or extortion. *Id*. The ACCA's residual clause allows the court to engage in a broad inquiry into whether the underlying offense might involve a "potential risk" of injury to another—whether or not risk of physical injury was an element of the underlying crime. *Id*. The Court held that the "wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. Therefore, the Court held, imposing an increased sentence under the ACCA's residual clause violates the Constitution's guarantee of due process. *Id*. Subsequently, on April 18, 2016, the Supreme Court held that *Johnson*'s constitutional holding applies retroactively to ACCA cases pending on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Like the ACCA, the Guidelines provide for several sentencing enhancements for crimes constituting a "crime of violence." Section 4B1.2(a) of the Guidelines supplies the definition of a "crime of violence" to several sections of the Guidelines. Section 4B1.2(a) defines a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

4

(emphasis added).  The Tenth Circuit has held that the "'crime of violence' definition set forth in

. . . § 4B1.2, is virtually identical to the definition of a 'violent felony'" contained in the ACCA.

*United States v. Wray*, 776 F.3d 1182, 1184–85 (10th Cir. 2015) (citations omitted). Therefore,

the Tenth Circuit has instructed courts to apply the Supreme Court's ACCA violent felony

analysis to interpret § 4B1.2's definition of a crime of violence.  *Id.*

On November 2, 2015, in *United States v. Madrid*, 805 F.3d 1204, 1211 (2015), the

Tenth Circuit held that the Guidelines' residual clause is unconstitutionally vague under

*Johnson*.  Importantly, however, the Tenth Circuit has yet to directly address whether *Johnson*'s

application to the Guidelines applies retroactively to petitioners seeking collateral review.

On June 27, 2016, the Supreme Court granted certiorari in *Beckles v. United States*, to

determine whether: (1) *Johnson*'s constitutional holding applies to the residual clause of

U.S.S.G. § 4B1.2(a)(2) and (2) if so, whether *Johnson*'s invalidation of the residual clause of §

4B1.2(a)(2) applies retroactively on collateral review.  *Beckles v. United States*, 616 F. App'x

415 (11th Cir. 2016), *cert. granted*, ___ S. Ct. ___, 2016 WL 1029080 (June 27, 2016) (No. 15-

8544).

**II. *Johnson*'s Application to Andrews' Petition**

Against this backdrop, Andrews argues that his sentence is illegal because his prior

felonies are no longer crimes of violence in light of *Johnson* and *Madrid*.   The Government

argues that Andrews' petition should be denied because *Johnson* does not apply retroactively to

the Guidelines and Andrews' petition is barred by procedural defects.  However, the Government

concedes that if *Johnson* applies retroactively to the Guidelines, Andrews' Utah Failure to Stop

conviction is not a "crime of violence" under the post-*Johnson* Guidelines' definition.  (Civ. Dkt.

No. 9, p. 2 ("[T]he United States concedes that the predicate conviction for Utah Failure to Stop would no longer qualify as a 'crime of violence' under *Johnson*.").

### A. Retroactive Application of *Johnson* to the Guidelines

The Government argues that the advisory nature of the Guidelines renders *Johnson*'s application to the Guidelines a procedural rule. Therefore, the Government contends, "[a]lthough Johnson forecloses the use of the Guidelines' residual clause in original sentencings or on direct appeal, it does not apply retroactively to Guidelines claims. . . ." (Dkt. No. 9, p. 8.) The Court disagrees.

Generally, "an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (citing *Griffith v. Kentucky*, 497 U.S. 314 (1987)). Whether a new rule of constitutional law applies retroactively depends on the nature and effect of the rule. *Teague v. Lane*, 489 U.S. 288, 311 (1989) (plurality opinion). "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rul[e] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *Whorton*, 549 U.S. at 416 (internal quotation marks and citations omitted). A rule is "substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (citations omitted). Conversely, procedural rules merely alter "the range of permissible methods for determining whether a defendant's conduct is punishable." *Id.* Procedural rules "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id.* at 352.

In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that applied retroactively to ACCA cases pending collateral review.  The Court held, "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the [ACCA], altering 'the range of conduct or the class of persons that the [Act] punishes.'"  *Id.* at 1265 (citation omitted).  The Court noted:

> Before *Johnson,* the [ACCA] applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced 15 years to life in prison. After *Johnson,* the same person engaging in the same conduct is no longer subject to the [ACCA] and faces at most 10 years in prison.

*Id.*  The Court also recognized that *Johnson* was not a procedural rule.  The Court noted, "*Johnson* had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the [ACCA]."  *Id.*   For example, *Johnson* did not "'allocate decisionmaking authority' between judge and jury . . . or regulate the evidence that the court could consider in making its decision."  *Id.* (citing *Whorton v. Bockting*, 549 U.S. 406, 413–14 (2007); *Mackey v. United States*, 401 U.S. 667, 700–01 (1971)).  Therefore, the Court held, *Johnson's* application to the ACCA applied retroactively to cases pending collateral review.  *Id.*

Several courts, relying on *Welch*, have held that *Johnson*'s application to the Guidelines is a substantive rule that applies retroactively to petitioners seeking collateral relief.[4]  Moreover, several circuits,[5] including the Tenth Circuit,[6] have authorized second or successive § 2255

---

[4] *See, e.g.*, *In re Patrick*, No. 16-5353, 2016 WL 4254929, at *3 (6th Cir. Aug. 12, 2016) ("The Supreme Court's rationale in *Welch* for finding *Johnson* retroactive applies equally to the Guidelines."); *In re Hubbard*, 825 F.3d 225, 235 (4th Cir. 2016) (finding *Johnson*'s application to the Guidelines is a substantive rule which is applied retroactively); *United States v. Ramirez*, No. CR 10-10008-WGY, 2016 WL 3014646, at *9 (D. Mass. May 24, 2016) ("[T]he invalidation of the Guidelines' Residual Clause pursuant to *Johnson* constitutes a substantive rule that must apply retroactively."); *United States v. Boone*, No. 2:12-CR-162-12, 2016 WL 3057655, at *7 (W.D. Pa. May 31, 2016) (applying *Johnson* retroactively to a case seeking collateral relief under the Guidelines).

[5] *In re McCall*, 826 F.3d 1308, 1308 (11th Cir. 2016) (Martin, J., concurring) (compiling cases); *In re Patrick*, 2016 WL 4254929, at *3 (compiling cases)

petitions, finding that the petitioner made a prima facie showing that *Johnson* applies retroactively to the Guidelines.

For example, in *In re Patrick*, No. 16-5353, 2016 WL 4254929, at *1 (6th Cir. Aug. 12, 2016), the petitioner sought authorization from the Sixth Circuit to file a successive § 2255 motion citing *Johnson*.  The government, like the case before the Court, argued that the petitioners' motion should be denied "because, as applied to the Guidelines, the rule announced in *Johnson* is procedural, rather than substantive, and thus does not apply retroactively on collateral review."  *Id.* at *2.  Specifically, the Government argued: "*Johnson*'s application to the Guidelines is procedural because, unlike application to the ACCA, '(1) it does not change the range of legally permissible outcomes (which are limited by statutory minimums and maximums) and (2) errors in calculating a defendant's advisory guidelines range have been characterized as procedural by the Supreme Court.'"  *Id.* (citations omitted).

The Sixth Circuit disagreed, finding: "The Supreme Court's rationale in *Welch* for finding *Johnson* retroactive applies equally to the Guidelines."  *Id.* at *3.  The court noted, "*Johnson* substantively changes the conduct by which federal courts may enhance the sentence of a defendant."  *Id.*  For example, some crimes will no longer fit the Guidelines' definition of a crime of violence and, therefore, *Johnson* alters whether a defendant is eligible for certain sentencing enhancements.  *See id.*  Additionally, the court found that *Johnson*'s application to the Guidelines is not procedural.  Invalidating the Guidelines' residual clause did not alter the "'range of permissible methods a court might use to determine whether a defendant should be sentenced' . . . and *Johnson*'s application to the Guidelines does not 'allocate decisionmaking

---

[6] *In re Encinias*, 821 F.3d 1224, 1224 (10th Cir. 2016) (approving a successive § 2255 petition where the petitioner relied on *Johnson*'s retroactive application to the Guidelines).

authority between judge and jury, or regulate the evidence that the court could consider in making its decision.'" *Id.* (citing *In re Hubbard*, 825 F.3d at 235).

In response to the Government's argument that the Guideline' advisory nature renders the Guidelines procedural, the Court found: "courts have no discretion to forgo calculation and consideration of a defendant's Guidelines' range before imposing a sentence, as they 'must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process' to avoid reversal." *Id.* at *4 (citations omitted).  "The Guidelines accordingly have a 'real and pervasive' and only 'quasi-advisory' effect on sentencing, 'bringing them closer to a statute which fixes sentences than a sort of suggested opinion.'" *Id.*  Accordingly, the Sixth Circuit held that *Johnson*'s application to the Guidelines is a new substantive rule that applies retroactively to petitioners seeking collateral review.  *Id.*

The Court agrees with the Sixth Circuit that in light of *Welch*, *Johnson*'s application to the Guidelines is a substantive rule, which applies retroactively to Andrews' § 2255 petition. Indeed, *Johnson* altered the range of conduct in which the Court may enhance Andrews' sentence under the Guidelines.  Accordingly, Andrews' petition does not fail on retroactivity grounds.

**B. Procedural Defects**

The Government claims Andrews' petition is procedurally defective in two ways.  First, the Government claims that Andrews has not carried his burden to show that the Court relied on the Guidelines' residual clause when sentencing Andrews.  Second, the Government claims that Andrews "procedurally defaulted" by failing to file a direct appeal of his sentence. (Civ. Dkt. No. 9, p. 13.)   The Government argues that Andrews was required to challenge the use of his

Utah Failure to Stop conviction to enhance his sentence before the Court at sentencing or on

direct appeal.  (*Id.* at 14.)

### i. The Court's Use of the Guidelines' Residual Clause

Andrews has met his burden to show he is entitled to *Johnson* relief.  "A petitioner has

the burden of establishing his right to federal habeas relief and of proving all facts necessary to

show a constitutional violation."  *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001).  In the

context of *Johnson*,

> if the Supreme Court has said an inmate's conviction does not meet one of the
> definitions that survive *Johnson*, then the inmate may have a claim that he has 'he
> right to be released upon the ground that the sentence was imposed in violation of
> the Constitution or laws of the United States . . . or that the sentence was in excess
> of the maximum authorized by law.'

*See In re Chance*, No. 16-13918-J, 2016 WL 4123844, at *5 (11th Cir. Aug. 2, 2016) (citing 28

U.S.C. § 2255(a)).  "[I]t makes no difference whether the sentencing judge used the words

'residual clause' or 'elements clause,' or some similar phrase."  *Id.*  If, post-*Johnson*, a

petitioner's sentence is no longer authorized by law, "proof of what the judge said or thought" is

irrelevant.  *See id.*

Andrews' petition outlines how the Guidelines' residual clause was the only method

whereby the Court could enhance Andrews' sentence. (Civ. Dkt. No. 1, 3–8.)  Moreover, the

Government agrees with Andrews.  The Government concedes that Andrews' Utah Failure to

Stop conviction is not a "crime of violence" after *Johnson*.  (Civ. Dkt. No. 9, p. 2.)  Therefore,

the Court is not persuaded that Andrews has failed to carry his burden to show he is entitled to

*Johnson* relief.

### ii. Procedural Default for Failure to File a Direct Appeal

Similarly, Andrews did not procedurally default by failing to challenge the use of his Utah Failure to Stop conviction before this Court or on direct appeal.  If a "constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim." *Reed v. Ross*, 468 U.S. 1, 16 (1984).  "A constitutional claim is not 'reasonably available' if the decision establishing that claim (1) expressly overruled existing Supreme Court precedent, (2) overturned a long-standing and widespread practice to which a 'near unanimous' body of lower court authority had adhered or (3) disapproves a practice that the Supreme Court had arguably sanctioned in the past." *Salberg v. United States*, 969 F.2d 379, 382 (7th Cir. 1992) (citing *Reed*, 468 U.S. at 17).  "If a petitioner succeeds in showing cause for failure to raise the new legal claim, he must then demonstrate 'actual prejudice' resulting from the errors of which he complains." *Daniels v. United States*, 254 F.3d 1180, 1191 (10th Cir. 2001) (citing *Mcleskey v. Zant*, 499 U.S. 467, 494 (1991)).

The Court finds that Andrews had cause for failing to raise the validity of the use of his Utah Failure to Stop conviction to enhance his sentence.  For years, the Supreme Court upheld the validity of the ACCA's residual clause and, by proxy, the Guidelines residual clause.[7] Moreover, prior to *Johnson*, appellate courts around the country rejected void for vagueness challenges to § 4B1.2.[8] If the Court were to accept the Government's argument, the Court would

---

[7] *See, e.g.*, *James v. United States*, 550 U.S. 192, 209 (2007) (holding that the ACCA's residual clause encompasses Florida's attempted burglary statute); *Begay v. United States*, 553 U.S. 137, 142 (2008) (holding that the ACCA's residual clause does not cover New Mexico's driving under the influence statute); *Chambers v. United States*, 555 U.S. 122, 127–28 (2009) (holing that the ACCA's residual clause does not cover Illinois' failure to report to a penal institution statute); *Sykes v. United States*, 564 U.S. 1, 12 (2011) (holding that the ACCA's residual clause does not cover Indiana's vehicular flight from law enforcement officer statute).

[8] *See, e.g.*, *United States v. Spencer*, 724 F.3d 1133, 1135–36 (9th Cir. 2013) ("[The defendant's] claim that § 4B1.2(a)(2)'s residual clause is unconstitutionally vague is foreclosed by Supreme Court precedent."); *United States v. Mobley*, 687 F.3d 625, 632 (4th Cir. 2012) (finding that *Sykes v. United States*, 564 U.S. 1 (2011) foreclosed finding that § 4B1.2(a)(2)'s residual clause is unconstitutionally vague); *United States v. Cowan*, 696 F.3d 706, 708 (8th Cir. 2012) (rejecting the defendant's void for vagueness challenge to the Guidelines' residual clause "because

hold § 2255 petitioners to an indefensible burden.  Indeed, a criminal defendant is not required to argue every point of law at his or her disposal.  Rather, Andrews justifiably relied on well-established precedent when he failed to oppose the use his Utah Failure to Stop conviction at sentencing.

Additionally, Andrews has established prejudice.  "Prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial disadvantage." *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012).  For example, if a petitioner's sentence was increased based on an improperly applied guideline range, the petitioner has established prejudice.  *United States v. Horey*, 333 F.3d 1185, 1188 (10th Cir. 2003).  In this case, Andrews base offense level was improperly calculated in light of *Johnson*.  If Andrews were sentenced today, the Court would begin its sentencing determination with a different guideline range.  Therefore, the Court is satisfied that Andrews has demonstrated prejudice.  Accordingly, the Court rejects the Government's argument that Andrews' petition is procedurally defective for failure to challenge the use of his Utah Failure to Stop conviction.

---

the Supreme Court twice has rejected arguments that a nearly identically worded residual clause in the ACCA was unconstitutionally vague").

**CONCLUSION**

Based on the foregoing, Andrews' Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 is GRANTED.  Accordingly, Andrews' sentence is hereby vacated.  Counsel shall contact the Court to schedule a hearing so that Andrews can be resentenced.

Dated: September 8, 2016.

BY THE COURT:

_____
Dee Benson
United States District Judge

13